**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy C. Driskell, ) | No. CV-05-0775-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Chuck McVicker, et al., ) | |
| Defendant. ) | |

This matter arises upon the Court's review of the file. Pending before the district court for ruling are Defendants'[1] Motion to Dismiss (docket # 84), filed on April 21, 2006, and Defendants' Motion for Summary Judgment (docket # 94), filed on May 31, 2006.

A review of the file indicates that this § 1983 action was filed on March 11, 2004. (docket # 1)   On or before November 10, 2005, Plaintiff and the Defendants McVicker, McGraugh, Pinkstaff, who had appeared herein through counsel, consented to magistrate judge jurisdiction. (docket # 39)  On November 9, 2005, the formerly-assigned District Judge, the Honorable Frederick J. Martone, referred this case to the undersigned magistrate judge for all further proceedings in accordance with 28 U.S.C. § 636(c) and FED.R.CIV.P. 73. (*Id.*)  After amending his Complaint on June 13, 2005, the Court permitted

---

[1] Defendants McVicker, McGraugh, Pinkstaff and Schriro join in both dispositive motions. Defendant Kumar does not in either.

Plaintiff to file a Second Amended Complaint (docket # 61) wherein Plaintiff added claims against Defendants Schriro and Kumar. Defendant Schriro first appeared in this litigation through counsel when Defendants' Motion to Dismiss (docket # 84) was filed on April 21, 2006, after the first three Defendants consented to magistrate judge jurisdiction. Defendant Kumar filed his Answer on August 18, 2006 (docket # 123). Neither Schriro or Kumar has not consented to magistrate jurisdiction to date.

"[V]alid consent is the linchpin" of constitutional magistrate judge jurisdiction. *Jaliwala v. United States*, 945 F.2d 221, 224 (7th Cir.1991) (citing *Adams v. Heckler*, 794 F.2d 303, 306-07 (7th Cir.1986)). Although no precise form is required by the statute, consent to magistrate judge jurisdiction should be in writing, *Kofoed v. IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), advisory committee note, and must provide a "clear and unambiguous expression of consent" to a magistrate judge conducting all further proceedings. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 546 (9th Cir.1984); *Columbia Record Productions v. Hot Wax Records, Inc.*, 966 F.2d 515, 516-17 (9th Cir.1992) ("an affirmative statement of consent"). Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir.2003) (pointing out that consent is the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. § 636(c)).

Before the undersigned considers either of the pending dispositive motions, Defendants McGraugh, Pinkstaff, Schriro and Kumar shall file either written consents to magistrate judge jurisdiction or elect to have this case in its entirety reassigned back to U. S. District Judge Frederick J. Martone. Defendants McGraugh and Pinkstaff are requested to file a second consent, assuming they desire to do so, because the consent form (docket # 39) defense counsel signed, presumably on their behalf on October 31, 2005, did not specifically identify Defendants McGraugh and Pinkstaff by name except by the reference "et. al" which arguably may not be deemed a "clear and unambiguous expression of consent" to magistrate judge jurisdiction by the Ninth Circuit. Thus, if Defendants McGraugh,

1 Pinkstaff, Schriro and Kumar desire that this matter remain with the assigned Magistrate
2 Judge, their consent must be clear and unambiguous. Because Plaintiff's and Defendant
3 McVicker's consents are clear and unambiguous in document # 39, they need do nothing in
4 response to this order as they are bound by their prior consent to magistrate judge
5 jurisdiction. *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir.1993) (there is no absolute right to
6 withdraw a validly given consent to assignment to a magistrate judge absent a showing of
7 "extraordinary circumstances"); 28 U.S.C. § 636(c)(4).

8   On the Court' own motion,

9   **IT IS ORDERED** that Defendants McGraugh, Pinkstaff, Schriro and Kumar
10 shall, by **5:00 p.m. on or before Friday, November 17, 2006**, file written consents to either
11 magistrate judge jurisdiction or elect in writing to have this case in its entirety reassigned
12 back to U. S. District Judge Frederick J. Martone.

13   DATED this 23rd day of October, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge